UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS PONDS,

           Petitioner,

v.                                      CASE NO. 2:20-CV-11155
                                      HONORABLE PAUL D. BORMAN

ROBERT VASHAW,

           Respondent.

_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Thomas Ponds ("Petitioner"), currently confined at the St. Louis Correctional Facility in St. Louis, Michigan was convicted of first-degree criminal sexual conduct (person under 13, defendant 17 or older), MICH. COMP. LAWS § 750.520c(1)(a), and second-degree criminal sexual conduct (person under 13), MICH. COMP. LAWS § 750.520c, following a jury trial in the Oakland County Circuit Court.  He was sentenced, as a second habitual offender, MICH. COMP. LAWS § 769.10, to concurrent terms of 25 to 50 years imprisonment and 6 to 22 ½ years imprisonment in 2017.  In his pleadings, Petitioner asserts that he is entitled

to habeas relief because the verdict was against the great weight of the evidence.

For the reasons set forth herein, the Court denies the habeas petition.  The Court

also denies a certificate of appealability and denies leave to proceed in forma

pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from his sexual assault of his former

girlfriend's daughter when she was seven years old at her home in Pontiac,

Michigan in 2007.  At trial, the victim, who was then 17 years old, testified that

one night when her mother was not home, Petitioner picked her up when she

supposed to be asleep in her bedroom, carried her into her mother's bedroom,

rubbed her chest area with his hands, rubbed her vaginal area, and digitally

penetrated her vagina.  He stopped when her mother entered the house.  8/24/17

Jury Trial Tr., pp. 190-93, ECF 8-7, PageID.199-200.

Following his convictions and sentencing, Petitioner filed an appeal of right

with the Michigan Court of Appeals asserting that the verdicts were against the

great weight of the evidence.  The court denied relief on that claim and affirmed his

convictions.  *People v. Ponds*, No. 341145, 2019 WL 1411930 (Mich. Ct. App.

March 28, 2019) (unpublished).  Petitioner filed an application for leave to appeal

with the Michigan Supreme Court, which was denied in a standard order.  *People v.*

*Ponds*, 504 Mich. 949, 931 N.W.2d 319 (2019).

Petitioner thereafter filed his federal habeas petition asserting that the verdicts were against the great weight of the evidence. Respondent has filed an answer to the habeas petition contending that it should be denied because the claim is procedurally defaulted, not cognizable, and lacks merit.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court

3

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997) and *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

5

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 562 U.S. at 100.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of clearly established law are to be determined solely by Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief.  *Parker v. Matthews*, 567 U.S. 37, 48-49

6

(2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of a state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.    Analysis

### A.    Procedural Default

As an initial matter, Respondent contends that part of Petitioner's claim is barred by procedural default. The Court declines to address this defense. Procedural default is not a jurisdictional bar to habeas review. *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme

Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Such is the case here. The procedural issue is more complex and the substantive claim is easier to resolve. Accordingly, the Court shall proceed to the merits of the claim.

**B.    Merits**

Petitioner first asserts that he is entitled to habeas relief because the jury's verdicts were against the great weight of the evidence. Respondent contends that this claim is not cognizable and lacks merit.

The Michigan Court of Appeals considered this claim on direct appeal on plain error review and denied relief. The court explained in relevant part:

> The elements of CSC-I are "(1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age." *People v. Duenaz*, 306 Mich. App. 85, 106; 854 N.W.2d 531 (2014); see also MCL 750.520b(1)(a). Sexual penetration means any intrusion, "however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." MCL 750.520a(r); *Duenaz*, 306 Mich. App. at 107.

> "The elements of CSC-II are (1) the defendant engaged in sexual contact, (2) with a person under 13 years of age." *Duenaz*, 306 Mich. App. at 106; *see also* MCL 750.520c(1)(a). Sexual contact includes the intentional touching of a person's "intimate parts" or the intentional touching of the clothing covering the immediate area of a person's intimate parts, "if that intentional touching can reasonably be

construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner" for revenge, to inflict humiliation, or out of anger. MCL 750.520a(q); *Duenaz*, 306 Mich. App. at 106-107. "Intimate parts" includes "the primary genital area, groin, inner thigh, buttock, or breast." MCL 750.520a(f); *Duenaz*, 306 Mich. App. at 107. In determining whether touching reasonably can be construed as being for a sexual purpose, conduct should be objectively viewed under a reasonable person standard. *People v. DeLeon*, 317 Mich. App. 714, 719-720; 895 N.W.2d 577 (2016).

With regard to CSC-I, the victim testified that defendant touched and rubbed the outside of her vagina with his hand and stuck his fingers inside her vagina when she was under the age of 13. With regard to CSC-II, the victim testified at trial that defendant rubbed her chest with his hands when she was under the age of 13. Although defendant did not present any witnesses of his own, he challenged this evidence during the victim's cross-examination.

While defendant acknowledges that the victim's testimony was constitutionally sufficient to support his convictions, *see Jackson v. Virginia*, 443 U.S. 307; 99 S. Ct. 2781; 61 L. Ed 2d 560 (1979), he nevertheless argues that the jury's guilty verdicts were against the great weight of the evidence because the victim was not a credible witness. According to defendant, the victim was not credible because certain aspects of her trial testimony were inconsistent with her prior testimony at the preliminary examination and her prior statements made at the Care House interview. Defendant points to the following alleged inconsistencies: (1) she testified at trial that her shirt was pulled up and her underwear was pulled down, while at the interview she said that her clothes were taken off, (2) at trial she stated that defendant rubbed Vaseline or grease on her, but at the interview she indicated that it was Vaseline, (3) her trial testimony was that defendant was on the bed during the assault, yet at the interview she said that he was kneeling on the floor, and (4) she testified at trial that defendant was assaulting her when her mother entered the house, but at the preliminary examination her testimony was that he was standing in the doorway when her mother entered. In addition, defendant

9

identifies inconsistencies in the victim's testimony regarding her age and school grade level at the time of the alleged assault, i.e., whether she was seven years old and in the fourth grade. These inconsistencies, according to defendant, create a reasonable doubt that the incident occurred. He further argues that the circumstances surrounding the victim's reporting of the assault are "inherently suspicious."

But questions of fact and credibility issues fall within the province of the jury. *People v. Lemmon*, 456 Mich. 625, 637; 576 N.W.2d 129 (1998). "As the trier of fact, the jury is the final judge of credibility." *Id*. (quotation marks and citation omitted). Over the course of the two-day trial, the jury was able to see and hear the evidence presented, including the victim's testimony. Inconsistencies between her trial testimony, her statements made during the Care House interview, and her preliminary examination testimony were covered and heard by the jury. The jury clearly believed the victim's testimony and found her to be a credible witness.

Generally, conflicting testimony or a question regarding the credibility of a witness is not a sufficient ground for granting a new trial. *Id*. at 643. A court may substitute its own view of the credibility of a witness only in exceptional circumstances: (1) "if the testimony contradicts indisputable physical facts or laws," (2) if the testimony "is patently incredible or defies physical realities," (3) if the "testimony is material and so inherently implausible that it could not be believed by a reasonable juror," or (4) if the "testimony has been seriously impeached and the case is marked by uncertainties and discrepancies." *Id*. at 642-644 (quotation marks and citations omitted). Defendant has not demonstrated how any of these exceptions apply in the instant case. None of the testimony discussed by defendant in his brief on appeal contradicted indisputable physical facts or laws, was patently incredible or defied physical realities, was so inherently implausible that it could not be believed by a reasonable juror, or was seriously impeached.

Defendant points out various inconsistencies in the victim's testimony, but those inconsistencies related to relatively minor details.

We note that it is not remarkable that someone's memories of peripheral details accompanying a traumatic sexual assault, which occurred approximately 10 years earlier when the person was under the age of 10, might differ or might not be clear. For example, whether the victim was wearing a Mickey Mouse shirt or shorts during the assault and whether her clothes were pulled partially off or completely off does not strongly relate to her credibility regarding whether defendant assaulted her. Whether defendant was on the bed during the assault or kneeling on the floor next to the bed also is not material. Whether defendant was assaulting the victim when her mother entered the house or whether defendant had completed his assault and was standing in the doorway when the mother entered also is not important enough to render the verdicts against the great weight of the evidence because it does not bear upon the ultimate question of whether defendant assaulted her. Whether the victim was seven years old, eight years old, or nine years old when she was assaulted also is immaterial to proving both CSC-I and CSC-II since she was undoubtedly under the age of 13, which is the age of statutory significance. Likewise, whether she was in the third grade or fourth grade is not outcome-determinative on charges of CSC-I and CSC-II when the victim is under 13 years of age. Finally, the circumstances surrounding the victim's reporting of the assault did not constitute one of the exceptional circumstances warranting judicial intervention.

In sum, we hold that the victim's testimony was not so incredible or contradictory that the jury's credibility determination may be substituted. While there were some inconsistencies between the victim's trial testimony and her prior statements, it cannot be said that her testimony describing defendant committing CSC-I and CSC-II was "deprived of all probative value or that the jury could not believe it." *Id*. at 643 (quotation marks and citation omitted). Because the inconsistencies dealt with relatively minor details accompanying the sexual assault, the jury easily could have found that, despite these inconsistencies, the victim was credible pertaining to the underlying facts constituting the sexual assaults. As a result, the evidence did not heavily preponderate against the verdicts, and defendant has failed to prove the existence of any plain error that affected the outcome of the trial.

11

*Ponds*, 2019 WL 1411930 at *1-3 (footnote omitted).

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Petitioner is not entitled to habeas relief on any claim that the jury verdicts were against the great weight of the evidence.  It is well-established that habeas review is not available to correct errors of state law.  *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  The federal constitution requires only that the evidence be sufficient to sustain the conviction under the standard established in *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  Where the evidence is sufficient as a matter of due process, a claim that the verdict was against the weight of the evidence presents a state law issue which is not cognizable on habeas review.  A federal habeas court has no power to grant relief on the ground that a state conviction is against the great weight of the evidence.  *Cukaj v. Warren*, 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *see also Nash v. Eberlin*, 258 F. App'x 761, 764 n.4 (6th Cir. 2007) ("a manifest-weight-of-the-evidence argument is a state-law argument"); *Artis v. Collins*, 14 F. App'x 387 (6th Cir. 2001) (declining to grant a certificate of appealability on habeas petitioner's claim that the verdict was against the manifest

weight of the evidence).  Habeas relief is not warranted on this claim.

Additionally, to the extent that Petitioner challenges the sufficiency of the evidence to support his convictions, he is also not entitled to relief.  The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d).  *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).  Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable.  *Brown v. Konteh*, 567

F.3d 191, 205 (6th Cir. 2009). "[I]t is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). The "mere existence of sufficient evidence to convict ... defeats a petitioner's claim." *Id.* at 788-89.

The victim's testimony that Petitioner rubbed her chest area, rubbed her vaginal area, and digitally penetrated her vagina one evening when she was about seven years old (and he was an adult) provides sufficient evidence to support Petitioner's first-degree and second-degree criminal sexual conduct convictions. To be sure, the testimony of a victim alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).

Petitioner challenges the victim's credibility, noting inconsistencies in her statements and testimony, the jury's evaluation of the testimony presented at trial, and the inferences the jury drew from the evidence. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve such evidentiary conflicts.

14

*Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002);

*Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus

court faced with a record of historical facts that supports conflicting inferences

must presume – even if it does not affirmatively appear in the record – that the trier

of fact resolved any such conflicts in favor of the prosecution, and must defer to

that resolution."). The jury's verdicts, and the Michigan Court of Appeals'

decision affirming those verdicts, were reasonable. The evidence presented at trial,

viewed in a light favorable to the prosecution, established Petitioner's guilt of first-

degree criminal sexual conduct and second-degree criminal sexual conduct beyond

a reasonable doubt. Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to

habeas relief on his claim. Accordingly, the Court **DENIES** and **DISMISSES**

**WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See*

28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability

may issue only if a petitioner makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the

merits, the substantial showing threshold is met if the petitioner demonstrates that

reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. This case is **CLOSED**.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2022

16